UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARBARA LABONTE )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>FIGLIOLA & ROMANO, LLC. )<br>    Defendant, )<br> ) | Civil Action No. |

NOW COMES Barbara LaBonte, by and through the undersigned counsel, complains, states, and alleges against defendant Figliola & Romano, LLC as follows., Plaintiff states as follows:

## I. *INTRODUCTION*

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA").

2. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who

1

are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90. "The juxtaposition of two inconsistent statements" in a communication violates the FDCPA. *Russell*, 74 F.3d at 34.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.* at 62.

## II. JURISDICTION & VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendant Figliola & Romano, LLC because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## III. PARTIES

12. Plaintiff Barbara LaBonte ("Plaintiff") is a natural person who was at all relevant times residing in Clarksburg, Berkshire County, Commonwealth of Massachusetts.

13. Defendant Figliola & Romano, LLC ("F&R") is a company existing under the laws of the State of Rhode Island, with its principal place of business in Barrington, Rhode Island.

14. F&R regularly collects or attempts to collect debts asserted to be owed to others.

15. F&R regularly collects or attempts to collect debts asserted to be owed to others by residents in this County.

16. F&R regularly collects or attempts to collect debts asserted to be owed to others by Massachusetts consumers.

17. F&R is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. F&R is regularly engaged, for profit, in the collection of debts allegedly owed by consumers in this County.

19. F&R is regularly engaged, for profit, in the collection of debts allegedly owed by Massachusetts consumers.

20. The principal purpose of F&R's business is the collection of such debts.

21. The principal purpose of F&R's business in this County is the collection of such debts.

22. The principal purpose of F&R's business in Massachusetts is the collection of such debts.

23. F&R uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

24. F&R uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in this County.

25. F&R uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in Massachusetts.

26. F&R derives substantial revenue from its debt collection services rendered in Massachusetts.

27. F&R has committed tortious acts within Massachusetts that have caused injury to consumers in this County.

28. F&R has committed tortious acts within Massachusetts that have caused injury to Massachusetts consumers.

## IV. FACTUAL ALLEGATIONS

29. F&R alleges Plaintiff owes a debt to Department Stores National Bank.

30. In an attempt to collect the alleged debt, F&R sent Plaintiff a letter dated May 24, 2022.

31. The letter stated that Plaintiff owed $7,414.55 to Department Stores National Bank for a Macy's American Express credit card.

32. The letter further stated or otherwise implied that Department Stores National Bank had hired or otherwise retained F&R for the purposes of collecting the money from Plaintiff.

33. Nevertheless, in its efforts to collect the money, F&R decided to contact Plaintiff by letter.

34. Rather than preparing and mailing such letter to Plaintiff on its own, F&R decided to utilize a third-party to perform such activities on its behalf.

35. As part of its utilization of the third-party, F&R conveyed information regarding Plaintiff and the alleged debt to the third-party by electronic means.

36. The information conveyed by F&R to the third-party, which, upon information and belief, was viewed by employees of the third-party, contained Plaintiff's personal and private information including personal identifying data, among other things.

37. The third-party then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at F&R's direction.

38. That letter, dated May 24, 2022, was received and read by Plaintiff.

39. The letter was the initial written communication Plaintiff received from F&R.

40. Pursuant to Regulation F of 12 CFR § 1006.34(c)(3)(i) "The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment."

41. The letter failed to provide Plaintiff with the foregoing deadline date.

42. Pursuant to Regulation F of 12 CFR § 1006.34(c)(3)(ii) "The date that the debt collector will consider the end date of the validation period and a statement that, if

the consumer requests in writing on or before that date the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector sends the consumer the name and address of the original creditor, if different from the current creditor."

43. The letter failed to provide Plaintiff with the foregoing deadline date.

44. Pursuant to Regulation F of 12 CFR § 1006.34(c)(3)(iii) "The date that the debt collector will consider the end date of the validation period and a statement that, unless the consumer contacts the debt collector to dispute the validity of the debt, or any portion of the debt, on or before that date, the debt collector will assume that the debt is valid."

45. The letter failed to provide Plaintiff with the foregoing deadline date.

46. F&R's failure to provide the requisite deadlines was false, misleading, and/or deceptive.

47. The letter in one part stated the alleged debt pertained to an account number ending in 5389, then in another part of the letter it stated a reference number of XXXXX96222.001.

48. As such, Plaintiff is confused, deceived, and/or misled by the multiple account numbers.

49. The Plaintiff, as the least sophisticated consumer, would reasonably believe the second account is a mistake.

50. The Plaintiff, as the least sophisticated consumer, would reasonably believe the amount F&R is attempting to collect from the second account number is incorrect.

51. Prior to the receipt of the letter, Plaintiff retained counsel to assist with the alleged debt.

52. In fact, on January 4, 2022, counsel for Plaintiff, The Ferrer Law Firm, PA, sent the creditor a letter notifying the creditor, among other things, that Plaintiff was represented by counsel with respect to the alleged debt owed to the creditor.

53. Further, Plaintiff's counsel demanded that the creditor cease and desist from any and all future communication with Plaintiff directly.

54. Thereafter, the alleged debt was placed, transferred, and/or assigned to F&R for purposes of collection.

55. It is standard practice in the debt collection industry for a creditor to inform downstream entities of attorney representations and cease and desists.

56. Upon information and belief, the creditor upon transferring Plaintiff's account to F&R notified F&R of Plaintiff's attorney's representation and the cease and desist from further communications directly with Plaintiff.

57. In fact, upon information and belief, the CSV, Excel, or other file transferred to F&R from the creditor, or the client portal the creditor provides the debt collectors it retains, indicated that The Ferrer Law Firm, PA represented Plaintiff.

58. Upon information and belief, the CSV, Excel, and/or other file that was transferred from the creditor to F&R indicated represented by attorney, or some other indicator, that provided F&R notice that Plaintiff was represented by counsel.

59. Upon information and belief, the CSV, Excel, and/or other file that was transferred from the creditor to F&R indicated cease and desist, or some other

indicator, that provided F&R notice of Plaintiff's cease and desist from future communication with Plaintiff directly.

60. Alternatively, if F&R did not receive notice of Plaintiff's attorney's representation and/or cease and desist when the creditor transferred, assigned, or placed the debt with F&R for purposes of collection on behalf of the creditor and did not have access to Plaintiff's attorney's representation and/or cease and desist via the creditor's client portal it provides to its debt collectors, then F&R intentionally or negligently lacks sufficient policies and procedures because it failed to inquire with the creditor prior to attempting to collect the debt from Plaintiff whether Plaintiff was represented by counsel and/or whether Plaintiff previously provided a written cease and desist from further communications directly with Plaintiff.

61. In spite of notice of Plaintiff's counsel's representation and Plaintiff's cease and desist, F&R sent the May 24, 2022, letter directly to Plaintiff.

62. Then, Plaintiff's counsel sent F&R a letter, dated June 2, 2022, Plaintiff's counsel, informing F&R, among other things, of its representation of Plaintiff with respect to the alleged debt.

63. Further, Plaintiff's counsel demanded that F&R cease and desist from any and all future communication with Plaintiff directly.

64. In spite of the foregoing notice from Plaintiff's counsel, F&R sent Plaintiff a second letter, dated November 3, 2022.

65. Upon information and belief, F&R lacks reasonable policies and procedures to record notices of attorney representation of consumers, and regularly violates the

law by communicating with consumers after receipt of notices of attorney representation.

66. Upon information and belief, F&R regularly contacts consumers directly who F&R knows or should know are represented by counsel.

67. The acts of F&R as described in this Complaint were performed by F&R or on F&R's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "F&R" in this Complaint shall mean F&R or its owners, officers, agents, and/or employees.

68. F&R's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from F&R's conduct.

69. Plaintiff justifiably fears that, absent this Court's intervention, F&R will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

70. Plaintiff justifiably fears that, absent this Court's intervention, F&R will ultimately cause Plaintiff unwarranted economic harm.

71. Plaintiff justifiably fears that, absent this Court's intervention, F&R will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

72. Plaintiff justifiably fears that, absent this Court's intervention, F&R will ultimately cause Plaintiff to be sued.

73. A favorable decision herein would serve to deter F&R from further similar conduct.

## V.  *CAUSES OF ACTION*

### *COUNT I*
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

74. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

75. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

76. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

77. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

78. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

79. Plaintiff is a "consumer" as that term defined by the FDCPA.

80. F&R is a "debt collector" as that term is defined by the FDCPA.

81. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

82. Each letter is a "communication" as that term is defined by the FDCPA.

83. F&R's conveyance of Plaintiff's personal and private information to the third party is a "communication" as that term is defined by the FDCPA.

84. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

85. F&R violated the following sections of the FDCPA: 1692c and 1692f.  By way of example and not limitation, F&R violated the FDCPA by: Communicating with third parties about Plaintiff and the alleged debt without Plaintiff's authorization, disclosing Plaintiff's personal and private information, including Plaintiff's personal identifying data, to third parties without Plaintiff's authorization, and disclosing Plaintiff's personal and private information for F&R's financial gain.

86. F&R violated the FDCPA and is liable to Plaintiff for statutory damages of up to $1,000.00 plus costs and attorney's fees as provided for by Section 1692k of the FDCPA

### COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

87. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

88. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

89. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

90. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

91. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

92. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

93. Plaintiff is a "consumer" as that term defined by the FDCPA.

94. F&R is a "debt collector" as that term is defined by the FDCPA.

95. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

96. Each letter is a "communication" as that term is defined by the FDCPA.

97. F&R's conveyance of Plaintiff's personal and private information to the third party is a "communication" as that term is defined by the FDCPA.

98. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

99. F&R violated the following sections of the FDCPA: 1692c. By way of example and not limitation, F&R violated the FDCPA by: Communicating with Plaintiff after F&R knew or should have known Plaintiff was represented by counsel with respect to the alleged debt and after Plaintiff provided a written cease and desist from further communication directly.

100. F&R violated the FDCPA and is liable to Plaintiff for statutory damages of up to $1,000.00 plus costs and attorney's fees as provided for by Section 1692k of the FDCPA.

### COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

101. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

102. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. See S. Rep. No. 95-382, at 2 (1977) reprinted in U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

103. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. Kropelnicki v. Siegel, 290 F.3d

118, 127 (2d Cir. 2002). 102. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 91 (2d Cir. 2008).

104. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993).

105. Plaintiff is a "consumer" as that term defined by the FDCPA.

106. F&R is a "debt collector" as that term is defined by the FDCPA.

107. The alleged debt is a "debt" as that term is defined by the FDCPA.

108. Each letter is a "communication" as that term is defined by the FDCPA.

109. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

110. F&R violated the following sections of the FDCPA: 1692e, 1692f and 1692g. By way of example and not limitation, F&R violated the FDCPA by: Using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; using unfair or unconscionable

means; overshadowing Plaintiff's rights; and failing to provide accurate and clear information in the collection letter.

111.  F&R violated the FDCPA and is liable to Plaintiff for statutory damages of up to $1,000.00 plus costs and attorney's fees as provided for by Section 1692k of the FDCPA.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

112.  Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

113.  F&R communicated directly with Plaintiff after receiving notice from Plaintiff's counsel to cease and desist from any and all future communication with Plaintiff directly regarding the alleged debt.

114.  As a direct and proximate result of F&R's conduct Plaintiff suffered compensable harm.

115.  F&R violated the M.G.L. and is liable to Plaintiff for actual, treble, exemplary, and punitive damages, plus costs and attorney's fees as provided for by M.G.L. Chapter 93A

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A determination that F&R has committed the violations of law alleged in this action.

b. Actual, treble, exemplary and punitive damages up to the jurisdictional limits of this Court on Plaintiff's M.G.L. causes of action.

    c. Statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k on Plaintiff's FDCPA causes of action.

    d. The costs of this action and attorneys' fees as allowed by law.

    e. Pre-judgment and post-judgment interest as allowed by law; and

    f. Such other and further relief that the Court determines is just and proper.

.

                                          RESPECTFULLY SUBMITTED,

Dated: March 22, 2023                /s/Derek H. DePetrillo
                                          Derek H. DePetrillo, BBO: 670303
                                          Attorney for Plaintiff
                                          Consumer Rights Law Firm, PLLC
                                          133 Main Street, 2nd Floor
                                          North Andover, MA 01845
                                          Telephone: (978) 212-3300
                                          Facsimile: (888) 712-4458
                                          attorneyderekd@consumerlawfirmcenter.com